MEGHANN A. TRIPLETT (State Bar No. 268005)
*Meghann@MarguliesFaithLaw.com*
ANNA LANDA (State Bar No. 276607)
*Anna@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Jeremy W. Faith, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>VELLUM WINE CRAFT LLC,<br><br>Debtor. | Case No.:  9:20-bk-10825-MB<br><br>Chapter 7<br><br>Adv. No.: |
| JEREMY W. FAITH, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JEFFREY W. MATHY, an individual,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) MONEY LENT;**<br><br>**(3) UNJUST ENRICHMENT;**<br><br>**(4) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS [11 U.S.C. § 544(a)(1); C.C.P. §§ 3439.04(a)(1), 3439.07, 3439.09];**<br><br>**(5) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. § 544(a)(1); C.C.P. §§ 3439.04(a)(2), 3439.05, 3439.07, 3439.09];**<br><br>**(6) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(A)];**<br><br>**(7) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(B)]; AND**<br><br>**(8) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeremy W. Faith (the "Plaintiff"), in his capacity as Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Estate") of Vellum Wine Craft LLC, (the "Debtor"), respectfully alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and (b) in that this proceeding arises in and relates to the Debtor's bankruptcy proceeding pending in the Central District of California, Northern Division, as *In re* Vellum Wine Craft LLC, Case No. 9:20-bk-10825-MB (the "Bankruptcy Case"). This proceeding also "arises under" title 11 as it involves a cause of action created or determined by a statutory provision of title 11. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

### PARTIES

4. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee for Debtor's Estate. Plaintiff has standing to bring this action under 11 U.S.C. § 323.

5. Plaintiff is informed and believes that defendant Jeffrey W. Mathy ("Defendant" or "Jeffrey") is an individual and is subject to the jurisdiction of this Court.

6. Plaintiff is informed and believes, that at all relevant times herein, Defendant was the managing member of the Debtor, and was an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31).

### GENERAL ALLEGATIONS

7. The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code (11 U.S.C. §101 *et seq*.) on July 2, 2020 (the "Petition Date")

1

initiating the Bankruptcy Case.

8. Plaintiff was subsequently appointed as the chapter 7 trustee to administer the Debtor's Estate.

9. Plaintiff is informed and believes that the Debtor was formed under the laws of the State of California as a limited liability company on February 22, 2006. According to the Statement of Information filed with the Secretary of State of California on December 1, 2016, the business of the Debtor is described in paragraph 7 of the Statement of the information as "wine production and sales."

10. Plaintiff is informed and believes, that at all relevant times herein, Defendant managed the Debtor and had access to, and exercised control over the Debtor, and the Debtor's bank accounts.

11. Plaintiff is informed and believes, that at all relevant times herein, Defendant had access to, and maintained the Debtor's books and records.

12. Plaintiff is informed and believes that from at least 2016 through the Petition Date (the "Period"), Defendant misdirected funds of the Debtor to pay for the personal expenses of himself and his wife. The misdirection of funds was done while the Debtor was insolvent, undercapitalized, and unable to pay its debts as they became due in the ordinary course of business.

13. Plaintiff is informed and believes that during the Period, Defendant caused the Debtor to transfer substantial amounts of money to himself and his wife in the guise of "loans" that were never repaid.

14. Plaintiff is informed and believes that during the four-year period immediately preceding the Petition Date, the Debtor transferred at least $352,205.98 directly to or for the benefit of the Defendant from one or more of the Debtor's bank accounts (collectively, the "Loan").

15. Plaintiff is informed and believes that in or about April 2019, the Debtor transferred an additional $45,000 directly to or for the benefit of Defendant from one or more of the Debtor's bank accounts (the "Note Transfer") (the Loan and the Note

Transfer are collectively referred to as the "Transfers").

16. Plaintiff is informed and believes that the Transfers passed directly from the Debtor to Defendant and Defendant had dominion and exercised legal control over the transferred funds as soon as they cleared the Debtor's bank accounts.

17. Plaintiff is informed and believes that the Transfers are unrelated to the Debtor's business, and the Transfers made for the benefit of the Defendant, and not for the benefit of the Debtor or its creditors.

18. Plaintiff is informed and believes that the Debtor had a property interest in the funds that made up the Transfers; and the Transfers were made for the purpose of concealing those funds from one or more of the Debtor and/or Defendant's creditors.

19. Plaintiff is informed and believes that Defendant concealed the Note Transfer by booking it as a payment on the debt owed by the Debtor on the January 16, 2014 "Promissory Installment Note" to payee William and Robyn Mathy (together, the "Payees"). However, Plaintiff is informed and believes that Defendant paid himself and the Payees who are Defendant's parents, never received any of the money.

20. Plaintiff is informed and believes that the Note Transfer was made by Defendant as part of a scheme to defraud the Debtor's creditors by making the Note Transfer appear to be a legitimate payment of the Debtor.

21. Plaintiff is informed and believes that the Note Transfer was part of a larger pattern of transferring assets from the Debtor to or for the benefit of Defendant.

22. The Debtor's Amended Bankruptcy Schedule A/B filed in the Bankruptcy Case on September 8, 2020, lists the Loan to Defendant as an asset of the Estate with an outstanding balance of $352,205.98 owed as of the Petition Date.

23. The Debtor's 2019 tax return lists the Loan as an outstanding receivable of the Debtor.

24. Plaintiff is informed and believes that all amounts owed under the Loan are immediately due and payable in full. The Loan has not been repaid.

///

25. Plaintiff is informed and believes that from at least January 1, 2016, the Debtor had little to no unencumbered assets and was insolvent as that term is defined in 11 U.S.C. § 101(32).

26. Plaintiff is informed and believes that the Transfers were made within the four-year period immediately preceding the Petition Date.

27. Plaintiff is informed and believes that there exists in this Bankruptcy Case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under other applicable law before the Debtor's petition in the current Bankruptcy Case was filed.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract)**

28. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

29. The Loan constitutes a legal, binding, and enforceable contract between the Debtor and Defendant.

30. Plaintiff is informed and believes that pursuant to the Loan, Defendant agreed and proposed to perform certain covenants and make repayments of the outstanding debt to the Debtor.

31. On September 27, 2021, Plaintiff sent Defendant a reasonable demand for the payment of the Loan. Despite the demand, Defendant has failed and refused, to satisfy the amounts due under the Loan.

32. As set forth above, Defendant has failed to make payments under the Loan

33. Defendant is and continues to be breach of his obligations under the Loan by failing to make payments and refusing to repay all amounts due under the Loan.

34. As a result of the occurrence of the breach of the Loan, Plaintiff has been damaged in the amount of the Loan (or such other amounts to be determined at trial),

plus interest, attorneys' fees and costs and such other amounts as may be proven at trial in this action.

35. Plaintiff has at all times fully and properly performed its obligations under the Loan and all conditions precedent have been performed by the Plaintiff or have otherwise occurred to establish the Plaintiff's right to recover the obligation owing under the Loan.

36. All conditions precedent to entry of judgment have occurred, have been performed, or have been waived.

## SECOND CAUSE OF ACTION

**(Money Lent)**

37. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

38. Within four years immediately preceding the Petition Date, Defendant became indebted to the Debtor in a sum not less than $352,205.98, plus attorneys' fees and costs and interest that have continued to accrue for money lent by the Debtor to the Defendant at Defendant's request.

39. As set forth above, Defendant failed to make payments under the Loan when due.

40. The foregoing sums remain unpaid by Defendant, although demand therefor has been made.

## THIRD CLAIM FOR RELIEF

**(Unjust Enrichment)**

41. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

42. The Loan described above constituted unjust enrichment to Defendant.

43. As a result of the Loan, Defendant received a benefit and unjustly retained that benefit at the expense of the Debtor's unsecured creditors in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Avoidance of Intentional Fraudulent Transfers - 11 U.S.C. § 544(b)(1);**

**Cal Civ. Code §§ 3439.04(a)(1), 3439.07, 3439.09)**

44. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

45. Plaintiff is informed and believes that the Loan was made with actual intent to hinder, delay, or defraud persons or entities to which the Debtor was or became indebted, on or after the date(s) the Loan was made.

46. Plaintiff is informed and believes that there were unsecured creditors of the Debtor at the time of the Loan transfers, which unsecured creditors remain as creditors of the Debtor to date and who could have voided the respective Loan transfers or obligations under other applicable law before the Debtor's petition in this Bankruptcy Case was filed.

47. By reason of the foregoing, Plaintiff may recover, for the benefit of the Estate, the value of the Loan from Defendant, or from any entity for whose benefit the Loan was made, or any immediate or mediate transferee of Defendant.

48. As a result of the foregoing facts, Plaintiff is entitled to avoid the Loan pursuant to 11 U.S.C. § 544(b)(1) and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07, 3439.09.

**FIFTH CLAIM FOR RELIEF**

**(Avoidance of Constructive Fraudulent Transfers - 11 U.S.C. § 544(b)(1);**

**Cal. Civ. Code §§ 3439.04(a)(2), 3439.05, 3439.07, 3439.09)**

49. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

50. Plaintiff is informed and believes that the Loan exceeded the total amount of value, if any, that the Defendant paid to the Debtor prior to and during the same period and the Debtor did not receive reasonably equivalent value in exchange for the Loan.

///

51. Plaintiff is informed and believes that the Debtor:

   a. Was insolvent on the dates of the Loan transfers or became insolvent as a result of the Loan;

   b. Was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor following the Loan was an unreasonably small capital; or

   c. Intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

52. Plaintiff may recover, for the benefit of the Estate, the Loan or the value of the Loan from Defendant, or from any entity for whose benefit the transfer was made, or any immediate or mediate transferee of Defendant.

53. As a result of the foregoing, Plaintiff may avoid and recover the Loan pursuant to 11 U.S.C. § 544(b)(1) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05, 3439.07, 3439.09.

**SIXTH CLAIM FOR RELIEF**

**(Avoidance of Intentional Fraudulent Transfers - 11 U.S.C. §§ 548(a)(1)(A))**

54. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

55. Plaintiff is informed and believes that during the Note Transfer was made within the two-year period immediately preceding the Petition Date.

56. Plaintiff is informed and believes that the Note Transfer was made with the actual intent to hinder, delay and/or defraud one or more of the Debtor's creditors. Specifically, Defendant caused the Debtor to make the Note Transfer to or for the benefit of himself and not to sustain or promote the business of the Debtor as part of an intentional scheme to defraud and avoid paying one or more of the Debtor's creditors.

57. Plaintiff is informed and believes that Defendant did not take the Note Transfer for a reasonably equivalent value and/or in good faith.

///

58. By reason of the foregoing, the Note Transfer is voidable, and Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A) Plaintiff is entitled to avoid the Note Transfer, and Plaintiff is entitled to recover the Note Transfer or the value of the Note Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### SEVENTH CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfers - 11 U.S.C. §§ 548(a)(1)(B))**

59. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

60. Plaintiff is informed and believes that the Debtor received less than reasonably equivalent value in exchange for the Note Transfer.

61. The Debtor:
   a. Was insolvent on the date of the Note Transfer or became insolvent as a result of the Note Transfer;
   b. Was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor following the Note Transfer was an unreasonably small capital; or
   c. Intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

62. By reason of the foregoing, the Note Transfer is voidable, and Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B) Plaintiff is entitled to avoid the Note Transfer, and Plaintiff is entitled to recover the Note Transfer or the value of the Note Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### EIGHTH CLAIM FOR RELIEF

**(Recovery of Avoided Transfer - 11 U.S.C. § 550)**

63. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

64. Plaintiff is informed and believes that Defendant did not take the Transfers for value, did not take the Transfers in good faith, and took the Transfers with knowledge

of the voidability of the Transfers.

65. Plaintiff is informed and believes that Defendant were the initial transferee of each of the Transfers, or the entity for whose benefit each of the Transfers were made or were the immediate or mediate transferees of the initial transferee receiving such Transfers, or any of them.

66. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the property transferred or its value with interest thereon at the maximum legal rate from the date the Transfers were made.

**WHEREFORE,** Plaintiff, on behalf of the Estate prays for relief as follows:

a. On the first cause of action, for judgment against Defendant, in the amount of $352,205.98, plus fees and costs, attorneys' fees, and additional interest;

b. On the second cause of action, for a judgment against Defendant for compensatory damages in an amount to be determined at trial but in no event less than $352,205.98;

c. On the third cause of action, for judgment against Defendant for compensatory damages according to proof.

d. On the fourth cause of action, for judgment against Defendant avoiding the Transfers as intentional fraudulent transfers under 11 U.S.C. § 544(b)(1); Cal Civ. Code §§ 3439.04(a)(1), 3439.07, 3439.09;

e. On the fifth cause of action, for judgment against Defendant avoiding the Transfers as constructive fraudulent transfers under 11 U.S.C. § 544(b)(1); Cal. Civ. Code §§ 3439.04(a)(2), 3439.05, 3439.07, 3439.09;

f. On the sixth cause of action, for judgment against Defendant avoiding the Note Transfer as an intentional fraudulent transfer under 11 U.S.C. § 548(a)(1)(A);

g. On the seventh cause of action, for judgment against Defendant avoiding the Note Transfer as a constructive fraudulent transfer under 11 U.S.C. § 548(a)(1)(B);

h. On the eighth cause of action, for judgment against Defendant recovering the Transfers, or the value of the Transfers for the benefit of the Estate under 11 U.S.C.

§ 550(a)(1) and (a)(2) together with interest thereon at the legal rate from the date of the Transfers;

    i.    On the first, and second causes of action, for reasonable attorneys' fees according to proof against Defendant;

    j.    On all causes of action, for cost of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

    k.    For such other and further relief as the Court deems just and proper.

DATED:  June 30, 2022            **MARGULIES FAITH, LLP**

                                    By: /s/  Meghann A. Triplett
                                          Meghann A. Triplett
                                          Anna Landa
                                          Attorneys for Plaintiff
                                          Jeremy W. Faith, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) MONEY LENT; (3) UNJUST ENRICHMENT; (4) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS [11 U.S.C. § 544(a)(1); C.C.P. §§ 3439.04(a)(1), 3439.07, 3439.09]; (5) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. § 544(a)(1); C.C.P. §§ 3439.04(a)(2), 3439.05, 3439.07, 3439.09]; (6) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(A)]; (7) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(B)]; AND (8) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 30, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**TRUSTEE: Jeremy W. Faith (TR)**   Trustee@MarguliesFaithlaw.com, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
**ATTORNEY FOR TRUSTEE: Anna Landa**   Anna@MarguliesFaithlaw.com, Helen@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com
**ATTORNEY FOR DEBTOR: Leslie A Tos**   Ltos@farmerandready.com, smeyer@farmerandready.com
**ATTORNEY FOR TRUSTEE: Meghann A Triplett**   Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 30, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**: Honorable Martin R. Barash, U.S. Bankruptcy Court, 21041 Burbank Blvd., Ste. 342, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2022 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**